UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>CARLOS RAMOS-MARTINEZ,<br><br>    Defendant/Petitioner. | Criminal No. 01-638 (JAF) |

## OPINION AND ORDER

Petitioner, Carlos Ramos-Martínez, comes before us with a motion for post-conviction relief. He styles his petition as one for a writ of error coram nobis or, in the alternative, a writ of audita querela.

### I.

### Factual and Procedural Summary

On April 16, 2002, Petitioner pleaded guilty to one count of conspiracy to distribute at least fifteen (15) kilograms, but less than fifty (50) kilograms of cocaine, in violation of 21 U.S.C. § 846. (Docket Nos. 100; 121.) On October 3, 2003, this court sentenced Petitioner to an imprisonment term of three-hundred (300) months, and a supervised release term of six years. (Docket No. 121.) Petitioner then appealed the sentence. (Docket No. 122.) The First Circuit Court of Appeals rejected all of Petitioner's arguments. (Docket No. 189.)

Criminal No. 01-638 (JAF)                                                                                              -2-

More than eight years later, Petitioner now brings a claim for procedural error at his change-of-plea hearing. He styles his claim as the extraordinary common law writs of error coram nobis or audita querela. (Docket No. 234.) In his motion, Petitioner acknowledges that he failed to file a 28 U.S.C. § 2255 motion within the one-year limitations period—indeed, he never filed a § 2255 motion at all—but argues that equitable tolling should save his claim. (Docket No. 234 at 2, 5.)

## II.

## Standard for Relief Under 28 U.S.C. § 2255

### A.   *Writ of Error Coram Nobis*

Federal courts are empowered by the All Writs Act, 28 U.S.C. § 1651, to issue an array of common-law writs that are not otherwise codified, like error coram nobis and audita querela. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). A writ of error coram nobis, in its modern form, is a vehicle through which a petitioner no longer in federal custody can move a court to correct some "patent error affecting the validity or regularity" of his criminal conviction. Id. at 90 n. 2; see also United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) ("Unlike a writ of habeas corpus, a writ of coram nobis is issued once the petitioner is no longer in custody."); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000) (denying petition for coram nobis because petitioner was still in custody). An extraordinary common law writ such as coram nobis is available only to the extent it fills a gap in the post-conviction remedial scheme created by § 2255. Trenkler, 536 F.3d at 97. If a petition for coram nobis falls within the substantive scope of § 2255, then we must re-characterize it

Criminal No. 01-638 (JAF)                                                                                                                -3-

as a § 2255 petition. Id.  The First Circuit has cautioned, however, that a petitioner's failure to comply with the gatekeeping mechanisms imposed by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), will not justify granting coram nobis relief for a claim otherwise cognizable under § 2255. Trenkler, 536 F.3d at 98.  The Supreme Court notes that it is "difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n. 4 (1947)).

**B.**     *Writ of Audita Querela*

The writ of audita querela is a rare form of relief, reserved for extreme cases where an important matter concerning a defendant's case has arisen since the entry of the judgment.  Rivera-Lebron v. United States, Westlaw 2403452 (D.P.R. April 23, 2012). Audita querela may be granted only "where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy." United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991).  Generally, a writ of coram nobis is used to attack a judgment while a writ of audita querela is used to attack the enforcement of a judgment**.**  Trenkler, 536 F.3d at n. 2. There is no difference between the two for our purposes, so we will refer to the Petitioner's motion as requesting a writ of coram nobis.

**C.** *28 U.S.C. § 2255*

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. In such a situation, a petitioner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." See § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

For the reasons discussed below, we find that Petitioner fails to meet the standard for relief under both the writ of error coram nobis and § 2255.

A careful review of the petition evinces the substance of a classic habeas corpus claim: A federal prisoner still in custody challenges his sentence as unauthorized under law. See 28 U.S.C. § 2255(a) (offering a means of post-conviction relief to "[a] prisoner in custody under sentence of a [federal] court" who claims "that [his] sentence was imposed in violation of the Constitution or laws of the United States"). As such, regardless of the label attached by Petitioner, the claim embodied in this petition is one cognizable in a § 2255 proceeding. Therefore, we are going to characterize this petition for a writ of error coram

Criminal No. 01-638 (JAF)                                                                                              -5-

nobis as a § 2255 petition. See Trenkler, 536 F.3d at 97-98 ("The strictures of section 2255 cannot be sidestepped by simple expedient of resorting to some more exotic writ.").

The conclusion that the petition should have been treated as one arising under § 2255 sounds a death knell for the proceeding. The petition was filed more than eight years after the petitioner's conviction had become final.

Petitioner claims that equitable tolling is warranted because he hired a paralegal to draft a § 2255 motion for him, and the paralegal never did so, despite Petitioner's efforts to contact him about the case. (Docket No. 234 at 5.) Later in his memorandum, Petitioner argues that the reason he did not bother to file a § 2255 motion was because he thought that it would be useless to do so. (Docket Nos. 234 at 1.) For the reasons set out below, we think Plaintiff has failed to show that equitable tolling is appropriate in this case.

In a recent case, the First Circuit decided that as a matter of first impression, the one-year limitations period in § 2255(f) was subject to equitable tolling. United States v. Ramos-Martinez, 638 F.3d 315, 322 (1st Cir. 2011); see § 2255(f) ("A 1-year period of limitations shall apply to a motion under this section."). In that decision, the First Circuit also articulated some "general principles" for courts to consider when deciding whether to grant equitable tolling. Ramos-Martinez, 638 F.3d at 322. We repeat some of those here.

To begin with, a court's power to invoke equitable tolling should be used only "sparingly." Id. (quoting Holland v. United States, 130 S.Ct. 2549, 2563 (2010)). Moreover, a "habeas petitioner bears the burden of establishing the basis for equitable

Criminal No. 01-638 (JAF) -6-

tolling." Id. (quoting Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2007)). To satisfy this burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quoting Holland, 130 S.Ct. at 2562) (internal quotations and citations omitted). A court's inquiry should be fact intensive, made on a case-by-case basis. Id.

"Equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights." Id. at 323. Consistent with this principle, a grant of equitable tolling will normally require a finding of "extraordinary circumstances." Id. at 323 (citing Riva, 615 F.3d at 39). A petitioner seeking equitable tolling must also show that he exercised "reasonable diligence" to protect his own rights. Id. at 323-24. This standard does not demand, however, "a showing that the petitioner left no stone unturned." Id. at 324 (citing Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003)).

On this record, Petitioner's arguments for equitable tolling come up short. In this case, the conviction became final in April 2002. (Docket No. 99.) The one-year limitations period then expired in April 2003. Petitioner then waited more than eight years before filing the present petition, in April 2012. (Docket No. 234.) Petitioner avers that his ability to file a timely § 2255 motion was impaired because Petitioner arranged for a paralegal to draft a § 2255 motion for him, but the paralegal never did so. (Docket No. 234 at 7.) And yet, Petitioner did nothing to remedy this situation or to inform this court about his predicament for eight years.

Criminal No. 01-638 (JAF)                                                                                        -7-

Comparatively, Petitioner's co-defendant, Wilfredo Ramos-Martínez, filed a § 2255 motion in April of 2008.  In March 2011, Wilfredo Ramos-Martínez won the right to an evidentiary hearing in this court as a result of his appeal to the First Circuit.  Ramos-Martinez, 638 F.3d at 326.  On July 26, 2011, we held an evidentiary hearing on remand. (Civ. No. 08-1388, Docket No. 51.)  The government did not appear, and codefendant Wilfredo Ramos-Martínez received equitable tolling for his paralegal's abandonment. He ultimately received a reduction in sentence as well, from 480 months to 300, because the record did not indicate whether an interpreter was present at his plea hearing (the same plea hearing as Petitioner) and because the defense attorney present at the hearing could not independently recall whether an interpreter appeared. (Civ. No. 08-1388, Docket No. 51 at 17).

Unlike his codefendant, Petitioner waited to file a motion with this court until April of 2012.  In other words, he waited four years longer than his codefendant to file a motion before this court.  Then, after the First Circuit granted his codefendant an evidentiary hearing, the Petitioner waited more than a year to advance his own claim.  Even assuming that the statute tolled for eight years, the First Circuit's ruling in the matter involving his codefendant provided ample notice that the Petitioner had a potential claim.  "Reasonable diligence" in this case, would have meant keeping abreast of the First Circuit's ruling in his codefendant's case.  Petitioner failed to do so.  (Docket No. 234.)  Indeed, over the past year, or during all of the eight years he spent waiting to raise his complaints about his paralegal, there are no other docket entries in Petitioner's criminal case that suggest

Criminal No. 01-638 (JAF) -8-

Petitioner was exercising "reasonable diligence" to protect his rights. We can surmise only that Plaintiff used this time to "inexcusably sleep upon [his] rights." Ramos-Martinez, 638 F.3d at 323. Petitioner provides no adequate explanation for the delay in his petition. (Docket No. 234.) Petitioner implies that he diligently prepared this petition after recognizing the legal and constitutional errors in his case. (Docket No. 234.) But, Petitioner's "failure to contemplate" his claim earlier is "neither an extraordinary circumstance, nor a circumstance which was out of [his] hands."[1] Barreto-Barreto v. United States, 551 F.3d 95, 101 (1st Cir. 2008).

Because we decline to toll § 2255(f)'s one-year limitations period, Plaintiff's failure to timely file his § 2255 motion dooms his claim.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet

---

[1] To the extent that Petitioner argues that attorney misconduct justifies equitable tolling based on his allegation that his attorney did not ensure the presence of an interpreter at his plea hearing, in violation of 28 U.S.C. §1827, this claim is also without merit. Barreto-Barreto, 551 F.3d at 101 n.5 (noting that attorney error may justify equitable tolling where error is "egregious," or in death penalty cases) (citations omitted).

requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

Implicit in the scheme created by AEDPA is the notion that certain claims, which might have been fruitful if timely asserted, may be foreclosed when a convicted defendant sleeps upon his rights. See Dodd v. United States, 545 U.S. 353, 359 (2005); Jamison v. United States, 244 F.3d 44, 47 (1st Cir. 2001).

The court has no jurisdiction to entertain the merits of petitioner's request. "Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–Of–Jail Card; the name makes no difference." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

For the foregoing reasons, we hereby **DENY** Petitioner's petition for the error writ or coram nobis. (Docket No. 234.) Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of October, 2012.

                                         s/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                         United States District Judge